STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (State Bar No. 083013)
STEPHEN J. NEWMAN (State Bar No. 181570)
JULIETA STEPANYAN (State Bar No. 280691)
KELLY COCHRAN (State Bar No. 305788)
2029 Century Park East
Los Angeles, CA 90067-3086
Telephone: 310.556.5800
Facsimile: 310.556.5959
Email:     lacalendar@stroock.com

Attorneys for Defendant
  CHASE BANK USA, N.A. erroneously
  sued as CHASE BANK USA, N.A., INC.
  and JPMORGAN CHASE BANK N.A, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY HERAS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CHASE BANK USA, N.A., INC. and JPMORGAN CHASE BANK N.A., INC.,<br><br>　　　　Defendants. | Case No. 2:16-cv-04578-CAS-MRW<br><br>[Assigned to the Honorable Christina A. Snyder]<br><br>**DEFENDANT CHASE BANK USA N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**<br><br>Action Filed: May 18, 2016<br><br>Date: January 23, 2017<br>Time: 10:00 a.m.<br>Room: Courtroom 8D, 8th Floor, 350 W. 1st Street, Los Angeles, CA 90012 |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 23, 2017, or as soon thereafter as the matter may be heard before the Honorable Christina A. Snyder, in Courtroom 8D, 8th Floor of the above entitled court, located at 350 W. 1st Street, Los Angeles, California 90012, defendant Chase Bank USA, N.A., erroneously sued as Chase Bank USA, N.A., Inc. and JPMorgan Chase Bank N.A., Inc. ("Chase") will and hereby does move this Court pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing the Second Amended Complaint ("SAC") filed on October 18, 2016:

<u>First</u>, each of the claims set forth in the SAC are vague and conclusory and the SAC fails to set forth any cognizable cause of action.

<u>Second</u>, plaintiff Anthony Heras ("Plaintiff") has purportedly brought a cause of action for breach of contract, but this claim fails because Plaintiff has failed to allege any of the required elements.

<u>Third</u>, Plaintiff's claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681, <u>et al.</u> ("FCRA") should be dismissed because Plaintiff has: (1) failed to state a claim under § 1681b; (2) failed to allege that he filed a dispute with a consumer reporting agency, as is required to bring a private right of action under § 1681s-2; and (3) failed to allege any facts that would allow Chase or the Court to determine whether Plaintiff's claims fall within the statute of limitations and statute of repose set forth in § 1681p.

As a result of these deficiencies, the SAC should be dismissed in its entirety and without leave to amend.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers on file herein, all other matters of which the Court may take judicial notice and upon

such other or further material as may be presented at or in connection with the hearing on this Motion.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on November 7, 2016.

Dated: November 17, 2016

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
STEPHEN J. NEWMAN
JULIETA STEPANYAN
KELLY COCHRAN


By: */s/ Stephen J. Newman*
          Stephen J. Newman

Attorneys for Defendant
   CHASE BANK USA, N.A.
   erroneously sued as CHASE BANK
   USA, N.A., INC. and JPMORGAN
   CHASE BANK, N.A., INC.

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................1

II. FACTUAL AND PROCEDURAL BACKGROUND ........................................2

    A. The Parties ................................................................................................2

    B. Procedural History....................................................................................2

III. ARGUMENT ......................................................................................................3

    A. Standard on a Motion to Dismiss .............................................................3

    B. Plaintiff's Entire Complaint Fails to Set Forth Any Cognizable Cause of Action. ......................................................................................3

    C. Plaintiff's First Claim Is Insufficiently Pleaded. .....................................5

        1. Plaintiff Improperly Cites the FCRA.............................................6

        2. Plaintiff Has Not Sufficiently Pled a Breach of Contract Claim. ............................................................................................6

    D. Plaintiff's Second Claim Is Insufficiently Pleaded. .................................7

        1. Plaintiff Has Not Sufficiently Alleged a Violation of § 1681b of the FCRA. ............................................................................7

        2. Plaintiff Cannot Assert a Private Right of Action Under § 1681s-2 of the FCRA. ......................................................................9

        3. Plaintiff Has Not Pled Within the Statute of Limitations and Statute of Repose Set Forth in § 1681p of the FCRA. ........... 10

IV. CONCLUSION ............................................................................................... 10

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Ashcroft v. Iqbal,
 556 U.S. 662 (2009) ................................................................................... 3, 5

Balistreri v. Pacifica Police Dep't,
 901 F.2d 696 (9th Cir. 1988) ............................................................................ 3

Banga v. First USA, NA,
 29 F. Supp. 3d 1270, 1278 (N.D. Cal. 2014), reconsideration denied,
 No. C 10-0975, 2014 WL 3533423 (N.D. Cal. 2014), appeal
 dismissed (Sept. 26, 2014) ........................................................................... 2, 8

Bell Atl. Corp. v. Twombly,
 550 U.S. 544 (2007) ......................................................................................... 3

Bernstein v. Vocus, Inc.,
 No. 14-CV-01561, 2014 WL 3673307 (N.D. Cal. 2014) ........................................ 7

Chavez v. Premier Bankcard, LLC,
 No. 1:11-CV-01101, 2011 WL 4738323 (E.D. Cal. 2011) ................................ 8, 9

Davis v. Chase Bank USA, N.A.,
 453 F. Supp. 2d 1205 (C.D. Cal. 2006) ............................................................... 2

Facebook, Inc. v. Grunin,
 77 F. Supp. 3d 965, 970 (N.D. Cal. 2015) ........................................................... 6

Gibbs v. SLM Corp.,
 336 F. Supp. 2d 1 (D. Mass. 2004), aff'd, 2005 U.S. App. LEXIS
 29462 (1st Cir. 2005) ........................................................................................ 6

Gorman v. Wolpoff & Abramson, LLP,
 584 F.3d 1147 (9th Cir. 2009) ........................................................................... 9

Hinton v. Trans Union, LLC,
 654 F. Supp. 2d 440 (E.D. Va. 2009), aff'd, 382 F. App'x 256 (4th
 Cir. 2010) .......................................................................................................... 8

Jacques v. Solomon & Solomon P.C.,
  886 F. Supp. 2d 429 (D. Del. 2012) .......................................................................... 8

Jinsoo Kim v. Son,
  No. G039818, 2009 WL 597232 (Cal. Ct. App. 2009) ............................................ 7

Kacludis v. GTE Sprint Commc'ns Corp.,
  806 F. Supp. 866 (N.D. Cal. 1992) .......................................................................... 4

Leisher v. Wachovia Mortg., Inc.,
  No. 10CV2294, 2011 WL 98575 (S.D. Cal. 2011) ................................................. 3

Perfect 10, Inc. v. Giganews, Inc.,
  No. CV11-07098, 2013 WL 2109963 (C.D. Cal. 2013) ......................................... 3

Pinson v. Equifax Credit Info. Servs.,
  LLC, No. 06-CV-0162 CVESAJ, 2007 WL 211225 (N.D. Okla. Jan. 24, 2007) .................................................................................................................. 10

Porter v. Talbot Perkins Children's Servs.,
  355 F. Supp. 174 (S.D.N.Y. 1973) .......................................................................... 6

Rasidescu v. Midland Credit Mgmt., Inc.,
  No. CIV. 05CV1794, 2005 WL 3271687 (S.D. Cal. 2005) .................................... 4

Robertson v. Dean Witter Reynolds, Inc.,
  749 F.2d 530 (9th Cir. 1984) ................................................................................... 4

Sprewell v. Golden State Warriors,
  266 F.3d 979 opinion amended on denial of reh'g, 275 F.3d 1187 (9th Cir. 2001) ....................................................................................................... 3

Vassalotti v. Wells Fargo Bank, N.A.,
  815 F. Supp. 2d 856 (E.D. Pa. 2011) ....................................................................... 6

Vazquez-Garcia v. Trans Union De P.R., Inc.,
  222 F. Supp. 2d 150 (D.P.R. 2002) ......................................................................... 6

W. Mining Council v. Watt,
  643 F.2d 618 (9th Cir. 1981) ................................................................................... 3

Watters v. Wachovia Bank, N.A.,
  550 U.S. 1 (2007) ..................................................................................................... 5

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

- iii -
NOTICE OF MOTION AND MOTION TO DISMISS
Case No. 2:16-cv-04578-CAS-MRW
LA 52016982

Williams v. Equifax Credit Info. Servs.,
    892 F. Supp. 951 (E.D. Mich. 1995) ........................................................................ 6

Yan Sui v. Southside Towing,
    582 F. App'x 731 (9th Cir.), cert. denied, 135 S. Ct. 755 (2014) ........................... 9

**Statutes**

12 U.S.C. § 1841(d) ........................................................................................................ 5

15 U.S.C. § 1681 ..................................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 8(a) ........................................................................................................ 4

Fed. R. Civ. P. 8(a)(2) .................................................................................................... 3

Fed. R. Civ. P. 12(b)(6) .............................................................................................. 3, 4

# **MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

The Second Amended Complaint ("SAC"), filed by plaintiff Anthony Heras ("Plaintiff") against Chase Bank USA, N.A., erroneously sued as Chase Bank USA, N.A., Inc. and JPMorgan Chase Bank N.A., Inc. ("Chase"), asserts three claims against Chase, each equally incomprehensible.

Plaintiff first appears to assert a breach of contract claim that he has improperly cited as a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et al. ("FCRA").  Here, Plaintiff alleges "[o]n approximately June 3, 2015 [Chase] has agreed to compensate me, Anthony Heras, for a sum of $60,000 through written communications by mail for [Chase's] wrongful communication violations."  (SAC, ¶ 6.)

Plaintiff's second claim states that Chase "made three unauthorized inquiries to [his] credit report."  (Id., ¶ 7.)  Plaintiff further alleges that he "requested that [Chase] verify the validity of these inquiries," but Chase "did not validate the accurateness of the inquiries and did not remove the inquiries from [his] credit report."  (Id.)  Based on this conduct, Plaintiff alleges Chase has violated the FCRA. (Id.)

Plaintiff's third claim alleges that Chase has "obscured [its] identity to the public through various aliases." (Id., ¶ 8.)  Plaintiff takes issue with the fact that Chase is "also known as J.P. Morgan Chase, J.P. Morgan Chase National Corporate Services, Inc., Chase Bank, [and] Chase."  (Id.)  Plaintiff alleges that Chase "has acted maliciously with regards to [its] true identity and this has made it almost impossible to discover [its] true identity and attempt to seek legal action against [it]." (Id.)  Plaintiff further alleges that Chase's "use of various names has made it extremely difficult for [him] to identify [Chase's] correct identity in [his] complaint."  (Id.)  None of the claims allege sufficient facts to survive this Motion.  Plaintiff's claims fail for multiple reasons.

First, each of the claims set forth in the SAC are vague and conclusory and the SAC fails to set forth any cognizable cause of action.

Second, Plaintiff has purportedly brought a cause of action for breach of contract, but has failed to allege any of the required elements.

Third, Plaintiff's claim under the FCRA must be dismissed because Plaintiff has: (1) failed to state a claim under § 1681b; (2) failed to allege that he filed a dispute with a consumer reporting agency, as is required to bring a private right of action under § 1681s-2; and (3) failed to allege any facts that would allow Chase to determine whether Plaintiff's claims fall within the statute of limitations and statute of repose set forth in § 1681p.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   The Parties

Chase Bank USA, N.A., which is the appropriate entity to defend this action, is a national bank located in Delaware. See Davis v. Chase Bank USA, N.A., 453 F. Supp. 2d 1205, 1208 (C.D. Cal. 2006) ("Chase is a Delaware citizen."). Plaintiff is an individual residing in California. (SAC, ¶ 1.)

### B.   Procedural History

On May 18, 2016, Plaintiff filed his Complaint in the Superior Court of the State of California for the County of Los Angeles against Chase. On June 23, 2016, the case was removed to this Court. Removal jurisdiction is proper both on federal question grounds (because Plaintiff asserts a claim under the federal FCRA) and diversity jurisdiction.

On October 18, 2016 the SAC was filed pursuant to this Court's order granting leave to file. Though it is not entirely clear, it appears that the SAC alleges claims against Chase for: (1) breach of contract and (2) violation of the FCRA. (SAC, ¶¶ 6-7.) Plaintiff has included a third claim alleging that Chase "has obscured [its] identity to the public through various aliases" without setting forth a cause of action or any specific legal theory of recovery. (Id., ¶ 8.)

## III. ARGUMENT

### A. Standard on a Motion to Dismiss

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (citation omitted). Where "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Indeed, a court is not required to credit conclusory legal allegations cast in the form of factual allegations, unwarranted deductions of fact, or unreasonable inferences. Sprewell v. Golden State Warriors, 266 F.3d 979, 985-86 opinion amended on denial of reh'g, 275 F.3d 1187 (9th Cir. 2001); W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). In other words, a Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). Plaintiff's SAC fails because it fails to offer a cognizable legal theory of liability and lacks sufficient facts to support a claim for damages under any theory.

### B. Plaintiff's Entire Complaint Fails to Set Forth Any Cognizable Cause of Action.

The SAC sets forth three purported claims against Chase, all of which are drafted in such a vague and conclusory way as to warrant dismissal of the complaint in its entirety. See Perfect 10, Inc. v. Giganews, Inc., No. CV11-07098, 2013 WL 2109963, at *16 (C.D. Cal. 2013) (dismissing "vague and conclusory" allegations in complaint); Leisher v. Wachovia Mortg., Inc., No. 10CV2294, 2011 WL 98575, at

*2 (S.D. Cal. 2011)(granting motion to dismiss where complaint "is utterly vague and fails to allege facts stating a viable claim for relief.") <u>Rasidescu v. Midland Credit Mgmt., Inc.</u>, No. CIV. 05CV1794, 2005 WL 3271687, at *4 (S.D. Cal. 2005) ("As set forth in his complaint, Plaintiff's allegations are vague and unclear in violation of Rule 8(a). Accordingly, this Court GRANTS Defendant's motion to dismiss under Rule 12(b)(6) for failure to state a claim."). Further, because Plaintiff fails to plead sufficient facts in support of <u>any</u> cognizable cause of action, the Court should dismiss all claims. <u>See</u> <u>Kacludis v. GTE Sprint Commc'ns Corp.</u>, 806 F. Supp. 866, 870 (N.D. Cal. 1992) (under Rule 12(b)(6), a "complaint may be dismissed as a matter of law for … insufficient facts under a cognizable theory") (quoting <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 533-34 (9th Cir. 1984)).

In support of his first claim, Plaintiff merely alleges that on June 3, 2015, Chase agreed to compensate him "$60,000 through written communication by mail for Chase Bank USA, N.A.'s wrongful communication violations." (SAC, ¶ 6.) Though Plaintiff cites FCRA §§ 617, 611(a)(1)(A), 609(a)(1)(A), 611(5)(A), (<u>id.</u>), it appears Plaintiff is actually attempting to allege that a contract exists between Chase and himself. However, Plaintiff fails to allege any amount of detail such that Chase or this Court could determine what contract Plaintiff refers to. He does not refer to the time, place or manner of the alleged contracting, what consideration Chase received in exchange for the purported agreement to pay money to Plaintiff, or the other material terms of the alleged contractual agreement. Based on these vague and conclusory allegations, Plaintiff's first claim should be dismissed because the elements of a breach of contract claim are not pleaded.

Plaintiff's second claim states that Chase "made three unauthorized inquiries to [his] credit report" and that "[u]nauthorized [i]nquiries have remained on [Plaintiff's] credit report to this day." (SAC, ¶ 7.) This claim fails to provide any details on when the inquiries were made, to whom the inquiries were made, where

- 4 -

LA 52016982

the unauthorized inquiries have remained and, as discussed below, fails to adequately plead a cause of action under the FCRA. Based on these vague and conclusory allegations, Plaintiff's second claim should be dismissed.

As for Plaintiff's third claim, he states Chase "has obscured [its] identity to the public through various aliases," and "[its] use of various names has made it extremely difficult for [Plaintiff] to identify [Chase's] correct identity in [his] complaint." (Id., ¶ 8.) This allegation is perhaps the most perplexing. Not only does Plaintiff fail to allege a cause of action, he has failed to allege factual content that allows the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. There is nothing illegal or improper about creating a corporate structure. In fact, it is common place in the corporate world, including within the financial industry. See 12 U.S.C. § 1841(d)(Section of Bank Holding Company Act permitting subsidiary companies.); Watters v. Wachovia Bank, N.A., 550 U.S. 1, 7 (2007)("Among incidental powers, national banks may conduct certain activities through 'operating subsidiaries,' discrete entities authorized to engage solely in activities the bank itself could undertake, and subject to the same terms and conditions as those applicable to the bank."). Even taken in the light most favorable to Plaintiff, Plaintiff's third claim alleges no cognizable claim against Chase.

Because all three of Plaintiff's claims are vague and conclusory, and Plaintiff has failed to set forth any cognizable cause of action, the Court should dismiss the SAC in its entirety.

## C. Plaintiff's First Claim Is Insufficiently Pleaded.

In support of his first claim, Plaintiff merely alleges that on June 3, 2015, Chase agreed to compensate him "$60,000 through written communication by mail for Chase Bank USA, N.A.'s wrongful communication violations." (SAC, ¶ 6.) Though Plaintiff cites FCRA §§ 617, 611(a)(1)(A), 609(a)(1)(A), 611(5)(A), (id.), it

- 5 -

appears Plaintiff is actually attempting to allege that a contract exists between Chase and himself. Plaintiff's first claim is insufficiently pled and should be dismissed.

### 1. Plaintiff Improperly Cites the FCRA.

Although Plaintiff cites to §§ 611(a)(1)(A), 609(a)(1)(A), 611(5)(A) and 617 of the FCRA, these citations are misplaced, as Plaintiff does not allege that Chase has participated in any consumer credit reporting activities. The FCRA exists to promote, among other things, fair and accurate credit reporting. See Vassalotti v. Wells Fargo Bank, N.A., 815 F. Supp. 2d 856, 863 (E.D. Pa. 2011); Williams v. Equifax Credit Info. Servs., 892 F. Supp. 951, 953 (E.D. Mich. 1995); Porter v. Talbot Perkins Children's Servs., 355 F. Supp. 174, 176 (S.D.N.Y. 1973). It applies to the consumer credit reporting activities of three types of persons: (1) credit reporting agencies ("CRAs") – e.g., TransUnion, Experian and Equifax (defined at 15 U.S.C. § 1681a(f)); (2) users of information contained in consumer reports (e.g., creditors, employers, insurance companies); and (3) the furnishers of information to credit reporting agencies, including credit card issuers, such as Chase. See Vazquez-Garcia v. Trans Union De P.R., Inc., 222 F. Supp. 2d 150, 153-54 (D.P.R. 2002); Gibbs v. SLM Corp., 336 F. Supp. 2d 1, 10-11 (D. Mass. 2004), aff'd, 2005 U.S. App. LEXIS 29462 (1st Cir. 2005). Plaintiff's first claim contains no allegations pertaining to credit reporting activities. (See SAC, ¶ 6.) Instead, it merely states that Chase agreed to pay Plaintiff $60,000. (Id.) Therefore, the FCRA is not applicable to the facts at hand, and Plaintiff's first claim is perhaps more appropriately labeled a breach of contract claim, which also fails.

### 2. Plaintiff Has Not Sufficiently Pled a Breach of Contract Claim.

"To plead a claim for breach of contract, the complaint must allege sufficient facts to show: (1) the existence of a contract; (2) plaintiff's performance or excuse for non-performance; (3) defendant's breach; and (4) resulting damages." Facebook, Inc. v. Grunin, 77 F. Supp. 3d 965, 970 (N.D. Cal. 2015). Plaintiff has failed to allege any one of the four elements. His first claim should therefore be dismissed.

Plaintiff has first failed to allege the existence of a contract. See Bernstein v. Vocus, Inc., No. 14-CV-01561, 2014 WL 3673307, at *3 (N.D. Cal. 2014) ("To plead the existence of a contract, a plaintiff must allege facts showing: '(1) parties capable of contracting; (2) their consent; (3) a lawful object; and (4) a sufficient cause or consideration.'"). Here, Plaintiff merely states that Chase agreed to pay him $60,000 through written communication by mail. (SAC, ¶ 6.) Plaintiff has failed to allege the subject matter of the contract, its consideration, the parties' consent, or a single term of the contract with the exception of an alleged obligation by Chase to pay Plaintiff $60,000. (See id.)

Specifically, Plaintiff has failed to allege consideration, and instead has alleged a claim "based entirely on a gratuitous unenforceable promise." Jinsoo Kim v. Son, No. G039818, 2009 WL 597232, at *3 (Cal. Ct. App. 2009)(contract lacking in consideration is not enforceable, even if signed in blood). Plaintiff alleges that Chase "has agreed to compensate [him] a sum of $60,000." Plaintiff alleges only a gratuitous, but unenforceable promise. See Kim, 2009 WL 597232 at *3. The court should therefore find that Plaintiff failed to allege the existence of any enforceable contract between himself and Chase.

**D.  Plaintiff's Second Claim Is Insufficiently Pleaded.**

Plaintiff's second claim similarly fails. Plaintiff alleges that Chase made three unauthorized inquiries to his credit report. (SAC, ¶ 7.) Plaintiff states that the unauthorized inquiries have remained on his credit report, despite requesting that Chase verify the validity of the alleged inquiries. (Id.) Plaintiff further alleges that Chase has violated the FCRA as a result. (Id.)

    **1.  Plaintiff Has Not Sufficiently Alleged a Violation of § 1681b of the FCRA.**

To the extent Plaintiff's second claim arises under § 1681b, Plaintiff has failed to allege that Chase accessed his consumer report without a permissible purpose. Section 1681b sets forth permissible purposes "for which a person may use or obtain

- 7 -

an individual's credit report." Banga v. First USA, NA, 29 F. Supp. 3d 1270, 1278 (N.D. Cal. 2014), reconsideration denied, No. C 10-0975, 2014 WL 3533423 (N.D. Cal. 2014), appeal dismissed (Sept. 26, 2014); 15 U.S.C. § 1681b.  In order to plead a claim under §1681b, a party must allege more than a conclusory statement that the defendant has made unauthorized inquiries into his credit, as Plaintiff has done here. See Jacques v. Solomon & Solomon P.C., 886 F. Supp. 2d 429, 435 (D. Del. 2012) (granting motion for judgment on the pleadings where plaintiff failed to allege facts to support her subjective belief that defendant accessed her consumer report without a permissible purpose in violation of §1681b(f)); Chavez v. Premier Bankcard, LLC, No. 1:11-CV-01101, 2011 WL 4738323, at *2 (E.D. Cal. 2011) ("The only allegations contained in the Plaintiff's complaint are the conclusory statements that Defendant violated 15 U.S.C. § 1681b by obtaining Plaintiff's consumer report without a permissible purpose… For example, it is unclear what a 'soft pull' of Plaintiff's credit report is, what relationship Defendant is to Plaintiff, why Defendant requested the report, how Plaintiff knows that his credit report was requested, or how Defendant's actions violated a specific section of the [FCRA] (i.e. why Plaintiff believes that it was improper for Defendant to request his report). Without these facts, Plaintiff has failed to state a claim."); Hinton v. Trans Union, LLC, 654 F. Supp. 2d 440, 449 (E.D. Va. 2009), aff'd, 382 F. App'x 256 (4th Cir. 2010) ("There are no factual allegations with respect to any specific credit reports that were provided to third parties for an impermissible purpose, nor does plaintiff set forth any factual allegations giving rise to a plausible claim that defendants violated § 1681b negligently, much less willfully. Rather, plaintiff appears to rest his § 1681b claim on the allegation that he 'never gave any consent to [certain] inquiries being listed in his credit bureau reports.'").  Here, Plaintiff has done nothing more than allege that Chase made "three unauthorized inquiries into his credit report." (SAC, ¶ 7.) Plaintiff has failed to allege a specific credit report, a reason why he believes it was improper for Chase to pull his credit or how he knows his credit was requested. See

- 8 -

Chavez, 2011 WL 4738323 at *2. Plaintiff's conclusory allegation that Chase made three unauthorized inquiries, without more, is insufficient to state a claim under §1681b.

### 2. Plaintiff Cannot Assert a Private Right of Action Under § 1681s-2 of the FCRA.

To the extent Plaintiff's cause of action rests on the fact that Chase "did not remove the inquiries from [his] credit report" (SAC, ¶ 7.), Plaintiff fails to meet the requirements of § 1681s-2 of the FCRA. Section 1681s-2 sets forth the obligation of furnishers of information to CRAs, such as Chase, to provide accurate information. 15 U.S.C. § 1681s-2. Plaintiff cannot bring a private action under 15 U.S.C. 1681s-2(a), however, and has failed to allege facts sufficient to show that he notified any CRA about the dispute pursuant to 15 U.S.C. § 1681s2(b). See Yan Sui v. Southside Towing, 582 F. App'x 731, 731 (9th Cir.), cert. denied, 135 S. Ct. 755 (2014) ("The district court properly dismissed plaintiffs' claim under the Fair Credit Reporting Act ('FCRA') because plaintiffs cannot bring a private action under 15 U.S.C. § 1681s–2(a) and plaintiffs failed to allege facts in their amended complaint sufficient to show that they notified a consumer reporting agency about the dispute under § 1681s–2(b)."); Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1154 (9th Cir. 2009) ("[Duties under 1681s-2(b)(1)] arise only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)."). Plaintiff has not alleged that he disputed the unauthorized inquiries with any CRA. (See SAC, ¶ 7.) Plaintiff has therefore failed to allege a private right of action under §1681s-2 of FCRA, and his second claim should be dismissed to the extent it rests on the fact that Chase "did not remove the inquiries from [his] credit report." (SAC, ¶ 7.)

### 3. Plaintiff Has Not Pled Within the Statute of Limitations and Statute of Repose Set Forth in § 1681p of the FCRA.

The FCRA sets forth a statute of limitation and statute of repose of the earlier of five (5) years after the date on which the violation that is the basis for such liability occurs, or two (2) years after the date of discovery by the plaintiff of the violation. 15 U.S.C. § 1681p. Plaintiff has neither pled when the alleged violation of the FCRA occurred, nor when Plaintiff discovered the violation. Plaintiff has failed to provide even a general time frame for Chase's alleged violation of the FCRA. See Pinson v. Equifax Credit Info. Servs., LLC, No. 06-CV-0162 CVESAJ, 2007 WL 211225, at *2 (N.D. Okla. Jan. 24, 2007) ("While plaintiffs do not set forth precise dates on which defendants published the allegedly false credit reports, the amended complaint, unlike the original complaint, sets forth a general time frame of the alleged violations, which provides defendants with sufficient guidance to ascertain plaintiffs' FCRA claim."). Chase therefore has no way to determine whether Plaintiff has pled within the statute of limitation and statute of repose set forth by the FCRA. Plaintiff's second claim should be dismissed on this basis.

## IV. CONCLUSION

For the foregoing reasons, Chase respectfully requests that the Court grant the Motion in its entirety and dismiss the SAC with prejudice.

Dated: November 17, 2016    STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
STEPHEN J. NEWMAN
JULIETA STEPANYAN
KELLY COCHRAN


By: */s/ Stephen J. Newman*
                Stephen J. Newman

Attorneys for Defendant
CHASE BANK USA, N.A.
erroneously sued as CHASE BANK
USA, N.A., INC. and JPMORGAN
CHASE BANK, N.A., INC.

LA 52016982

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action. My business address is: 2029 Century Park East, Los Angeles, CA 90067-3086.

On November 17, 2016, I served the foregoing document(s) described as: **DEFENDANT CHASE BANK USA'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT** on the interested parties in this action as follows:

ANTHONY HERAS
3966 W 6TH ST
LOS ANGELES, CA 90020
(213) 570-0170

☐ **(VIA PERSONAL SERVICE)** By causing the document(s), in a sealed envelope, to be delivered to the person(s) at the address(es) set forth above.

☒ **(VIA U.S. MAIL)** In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth above.

☐ **(VIA E-MAIL)** Based on a court order or an agreement of the parties to accept service by e-mail, I caused the documents to be sent to the persons at the e-mail addresses listed in the attached Service List.

☐ **(VIA OVERNIGHT DELIVERY)** By causing the document(s), in a sealed envelope, to be delivered to the office of the addressee(s) at the address(es) set forth above by overnight delivery via Federal Express, or by a similar overnight delivery service.

I declare that I am employed in the office of a member of the bar of this court, at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 17, 2016, at Los Angeles, California.

*/s/ Dina J. Prado*
Dina J. Prado